# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

JENNIFER CLARK, Personal )
Representative of the Estate )
of Jared Frank Clark, )
)
    Plaintiff, )
)
v. )      Case No. 14-CV-582-JED-PJC
)
JACK JOHNSON, d/b/a JOHNSON )
TRUCKING, et al., )
)
    Defendants. )

## OPINION AND ORDER

Before the Court is the Plaintiff's Motion to Quash Subpoenas and Motion for

Protective Order. [Dkt. No. 25]. The Motions are **GRANTED IN PART AND DENIED**

**IN PART** and the Subpoenas are **MODIFIED** as set forth below.

This is an action for damages arising from a motor vehicle collision that occurred

on July 19, 2014, in Washington County, Oklahoma. Plaintiff is the Personal

Representative of the Deceased, Jared Frank Clark. Defendants are Johnson Trucking

and driver Jeffrey W. Burney, owner Paul Burney, and Valley Forge Insurance Co.

("Valley Forge"). Valley Forge was the uninsured motorist insurance carrier for Jared

Clark's employer at the time of the accident.

On June 11, 2015, Valley Forge issued two subpoenas to Tracfone Wireless,

Inc., seeking cell phone records of Jennifer and Jared Clark from January 1, 2014,

through July 31, 2014.[1] [Dkt. Nos. 25-1 & 25-2]. Valley Forge contends these records

---

[1]    At the time of the accident, Jennifer Clark was the wife of Jared Clark, although a
divorce action was pending.

are relevant to two issues:  First, whether Jared Clark was using his cell phone at the time of the accident.  Second, whether  Jennifer and Jared Clark were in the process of reconciling despite a pending divorce action.  Plaintiff contends that the records are privileged or protected under Oklahoma law and are irrelevant under the discovery rules.[2]

## A. Plaintiff Has Standing to Challenge the Subpoenas

Generally, absent a claim of privilege, or personal or proprietary interest, a party lacks standing to challenge a subpoena served on a third party.  *Howard v. Segway, Inc.*, 2012 WL 2923230, *2 (N.D.Okla. July 18, 2012).  Plaintiff claims that under Oklahoma law, cell phone records are privileged or confidential; however, she offers no Oklahoma authority for those propositions.  The Court is unaware of any privilege that applies to cell phone records except where attorney-client communications or work-product are involved.  No such claim has been made here.  This leaves open the question of whether Plaintiff has a personal privacy interest in the records, such that she has standing to challenge the subpoenas.

Valley Forge argues that Plaintiff has "no basis for any 'expectation of privacy' in these records," because the information was given to a third party.  [Dkt. No. 26, p. 4 (*citing Smith v. Maryland*, 442 U.S. 735, 745-46 (1979))].  *Smith* dealt with an individual's reasonable expectation of privacy concerning certain telephone information voluntarily disclosed to a third party.  Most importantly, *Smith* dealt with this issue in the context of Fourth Amendment search and seizure principles – whether law enforcement

---

[2]     Plaintiff cites provisions of the Oklahoma Discovery Code, 12 O.S. § 3224 *et seq.*; however, the Federal Rules of Civil Procedure – specifically Rules 26 and 45 – govern in this Federal Court action.

officials must secure a warrant based on probable cause before obtaining phone records.  In contrast, this case deals with an individual's standing to challenge subpoenas issued in the civil discovery process seeking personal information.

Courts have long held that in the context of civil discovery, an individual has a personal interest in certain records – e.g., bank records, mental health or medical records, employment records – sufficient to provide standing to challenge a subpoena for their disclosure, even where that information is maintained by a third party.  *See*, *Jacobs v. Connecticut Cmty. Technical Colleges*, 258 F.R.D. 192, 195 (D.Conn. 2009) (patient has personal privacy right in psychiatric and mental health records); *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 n.1 (S.D.Ohio 2011) (*citing Barrington v. Mortgage IT, Inc.*, 2007 WL 4370647, at *2 (S.D.Fla. Dec. 10, 2007)).  *Smith* did not change this standing issue.  "*Smith* did not hold that there is no interest in the confidentiality of such records which may be protected against unregulated disclosure in response to civil discovery requests."  *Syposs*, 181 F.R.D. at 227.

Courts have held that an individual has a personal interest sufficient to give him standing to challenge a subpoena for discovery of personal information in the custody of a third party.  *Id.*  This includes cell phone information.  *E.g.*, *Ademiluyi v. Phillips*, 2014 WL 7012493, *2 (D.Nev. Dec. 12, 2014) (one has personal interest in securing privacy of his cell phone records.); *Winter v. Bisso Marine Co., Inc.*, 2014 WL 3778833, *2 (E.D.La. July 29, 2014) (noting personal interest in privacy of one's cell phone records); *Syposs v. U.S.*, 181 F.R.D. 224, 227-28 (W.D.N.Y. 1998).  Because Clark has a personal interest in the privacy of her and her husband's cell phone records, she has standing to challenge the subpoenas issued by Valley Forge.  Standing is especially

clear in this case, given the broadly-worded subpoenas at issue.[3]  Thus, Plaintiff has

standing to challenge the Tracfone subpoenas to determine whether her privacy rights

in the cell phone records are outweighed by the relevance of those records to any

party's claims or defenses herein.  Fed. R. Civ. P. 26(b)(1).

### B. Plaintiff's Relevancy Objection

The subpoenas at issue seek a broad range of information:

> CERTIFIED copies of all subscriber information, whether received or sent,
> including but not limited to, call detail(s), caller identification(s), call detail
> records with cellular site and GPS information, phone calls, voice mail,
> text messages, data transmissions, data downloads, billing records, and
> all other available data and information from January 1, 2014, through July
> 31, 2014 pertaining to:
>
> Name: Jennifer and/or Jared Clark….

[Dkt. Nos. 25-1 & 25-2].

After reviewing the briefing submitted herein, the Court finds that information

regarding whether Jared Clark was using his cell phone around the time of the accident

is relevant to the circumstances of the collision, and that relevance outweighs the

Clarks' privacy interest in this limited information.  Valley Forge is entitled to see call

records for Jared Clark's cell phone from 6 a.m. to 7 a.m. on July 19, 2104, in order to

determine if he was using his cell phone and may have been distracted at the time of

the accident.  However, Tracfone shall not produce any information regarding the

*substance* of any communications Jared Clark may have sent or received during that

time period.

---

[3]     To the extent that the subpoenas seek the substantive contents of
communications, the Stored Communications Act, 18 U.S.C. § 2701-2712, may prevent
Tracfone from divulging that information.  *See, Jane Doe v. City of San Diego*, 2013 WL
2338713, *2-*4 (S.D. Cal. May 28, 2013).

Valley Forge also seeks phone information from January 1, 2014 to July 31, 2014, to determine the frequency of communication between Jennifer and Jared Clark. Valley Forge says this information is relevant to whether the Clarks were reconciling despite a pending divorce. The Court finds that the frequency of any such communication has no direct relevance to whether the Clarks were reconciling. The frequency of such communication would indicate very little relevant to this subject, and the scant relevance of this broader request does not outweigh the Clarks' privacy interests in their phone records.

Accordingly, the subpoenas are modified. Tracfone shall produce information indicating whether Jared Clark was using his cell phone between 6 and 7 a.m. on July 19, 2014. The subpoenas are quashed in all other respects and Protective Order is **GRANTED** in this respect.

**DATED** this 6th day of August 2015.

Paul J. Cleary
United States Magistrate Judge